953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard M. SOWERS, Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORPORATION, Defendant-Appellee.
 No. 90-16752.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1992.
Decided Jan. 30, 1992.
 
 Before SNEED, SCHROEDER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Sowers appeals the district court's grant of summary judgment in favor of Federal Express Corporation ("Federal"). We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 We may affirm on any ground finding support in the record. Id. Sowers' employment contract was not breached by repudiation or otherwise. The FCH was at all times amendable, according to its terms, with or without Sowers' individual consent. The revision process concluded on August 4, 1989, in a FAB-approved revision which complied with the FCH revision process. The district court correctly concluded that Federal properly revised Section 1-96 of the FCH before performance was due, and that Sowers' anticipatory breach theory was no more than a fiction.
 
 
 4
 Furthermore, as the district court explained, Sowers failed to treat the alleged repudiation as a breach by resigning his employment or otherwise putting Federal on notice that he considered his employment contract to be terminated. The filing of lawsuits by Sowers did nothing to affect his employment contract. We reject Sowers' argument that by continuing his employment with Federal he was merely mitigating his damages. Sowers' arguments are an ad hoc explanation of a series of events which in reality do not support his position.
 
 
 5
 Sowers would have us believe that because he "fired" the FAB, the modification of the FCH was invalid as to him. According to its terms, the FCH can only be modified pursuant to action of the FAB and Federal management. Sowers notified FAB that he had "terminated his agency with them." Sowers removed himself from the amendment process; this did not affect the process or the resulting modification. The FAB-approved revision committee can bind Sowers to FCH revisions.
 
 
 6
 We have considered the other contentions of the parties and conclude that no additional discussion is necessary. The district court's entry of summary judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3